IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-201-D

DEKALB FARMERS MARKET, INC., )
WOOD'S PRODUCE CO., INC., and )
PIONEER GROWERS COOPERATIVE, )
              )
       Plaintiffs, )
              )
    v.            )      ORDER
              )
COLLAZO PRODUCE, INC., )
JUAN ANTONIA PACHECO, )
OSCAR N. COLLAZO, and )
UNITED PRODUCE, LLC, )
              )
       Defendants. )

On August 10, 2018, DeKalb Farmers Market, Inc. ("DeKalb"),[1] Wood's Produce Company, Inc. ("Wood's"), and Pioneer Growers Cooperative ("Pioneer"; collectively, "plaintiffs") filed a second amended complaint against Juan Antonio Castillo ("Castillo"),[2] Oscar N. Collazo ("Collazo"),[3] and United Produce, LLC ("United"; collectively, "defendants") [D.E. 20]. In count five, plaintiffs seek an order declaring that United, an affiliate of Collazo Produce, Inc. ("Collazo Produce"), unlawfully received and retained produce or proceeds subject to a statutory trust under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a et seq. See id. ¶¶ 4, 29–37. Pioneer alleges that it sold produce worth approximately $3,661.65 to Castillo, Collazo,

---

[1] DeKalb is no longer a party. See [D.E. 51].

[2] Although the clerk terminated defendant Castillo from the action, Wood's and Pioneer did not dismiss their claims against Castillo. See [D.E. 45]. The clerk shall update the docket accordingly.

[3] Collazo is no longer a party. See [D.E. 25].

and Collazo Produce between November 18, 2017, and February 16, 2018. See id. ¶ 5. Wood's alleges that it sold produce worth approximately $87,886.25 to Castillo, Collazo, and Collazo Produce between February 4, 2018, and May 4, 2018. See id. Plaintiffs allege that Collazo, an owner of United, transferred produce or proceeds subject to the PACA trust to United. See id. ¶ 30.

On December 17, 2018, the court entered default against Castillo and United [D.E. 30]. On January 4, 2019, United moved to set aside the entry of default [D.E. 31] and filed a memorandum in support [D.E. 32]. On January 25, 2019, plaintiffs moved for default judgment [D.E. 39], filed a memorandum in support [D.E. 40], and filed supporting documents [D.E. 34–38]. On the same date, plaintiffs responded in opposition to United's motion [D.E. 41]. On February 7, 2019, United replied [D.E. 42]. On February 22, 2019, United responded in opposition to plaintiffs' motion [D.E. 44]. On March 8, 2019, plaintiffs replied [D.E. 49, 50].

As for United's motion to set aside entry of default, "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); see Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). "[A]ll that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." Moradi, 673 F.2d at 727. Other relevant factors include whether the defaulting party bore personal responsibility for the default, whether the defaulting party had a history of dilatory action, whether less drastic sanctions are available, and whether setting aside the entry of default would prejudice the nonmoving party. See Colleton Preparatory Acad., Inc., 616 F.3d at 417; Moradi, 673 F.2d at 728. Rule 55(c) requires only good cause for setting aside an entry of default. See Fed. R. Civ. P. 55(c). The Fourth Circuit has "repeatedly expressed a strong preference that, as

2

a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc., 616 F.3d at 417.

First, United has acted with reasonable diligence in seeking to set aside the entry of default because United moved to do so within 15 days, some of which were over the holidays. See, e.g., id. at 418. Second, United has presented evidence of a meritorious defense: it did not receive proceeds or produce subject to a PACA statutory trust during the relevant time periods alleged by Wood's and Pioneer. See [D.E. 32-1] ¶ 15. Third, although plaintiffs may suffer some prejudice due to the dissipation of assets, this factor only slightly supports not setting aside the entry of default. Fourth, United does not have a history of dilatory action. Fifth, a less drastic sanction than a default judgment is possible. Accordingly, the court grants United's motion to set aside the entry of default and denies as moot plaintiffs' motion for a default judgment against United.

As for defendant Castillo, Castillo has not moved to set aside the entry of default with reasonable diligence or presented a meritorious defense. After entry of default, and upon motion by a non-defaulting party, the court may enter a default judgment against a defendant. See Fed. R. Civ. P. 55(b). By defaulting, Castillo has admitted plaintiffs' well-pleaded factual allegations relating to liability but not to damages. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). The court may rely on affidavits or other documentary evidence to establish damages and need not hold an evidentiary hearing. See Fed. R. Civ. P. 55(b)(2); Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 21 (1st Cir. 2003); Southwood v. CCDN, LLC, No. 7:09-CV-81-F, 2016 WL 1389596, at *3 (E.D.N.C. Apr. 7, 2016) (unpublished); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Having reviewed plaintiffs' substantial documentary evidence, the court finds that Castillo is personally liable to Wood's for a total judgment of $92,153.80 and to Pioneer for a total judgment

of $3,907.22. See, e.g., [D.E. 40] 18; 2d Am. Compl. [D.E. 20] ¶ 5; [D.E. 35, 35-1–35-8]; [D.E. 36, 36-1–36-6]. Thus, the court grants in part plaintiffs' motion for default judgment against Castillo.

In sum, the court GRANTS United's motion to set aside entry of default [D.E. 31], SETS ASIDE the entry of default against United [D.E. 30], DENIES AS MOOT plaintiffs' motion for default judgment against United [D.E. 39], and GRANTS plaintiffs' motion for default judgment against Castillo [D.E. 39]. The clerk shall enter default judgment against Castillo only.

SO ORDERED. This 28 day of June 2019.

JAMES C. DEVER III
United States District Judge